UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
AT CHARLOTTE

| | | |
|---|---|---|
| JAMES TYSON, JR., | ) | |
| | ) | |
| Movant/Defendant, | ) | |
| | ) | |
| v. | ) | USDC Case No. 3:12-cr-239-14 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | Hon. Susan C. Rodriguez |
| Respondent/Plaintiff. | ) | United States District Judge |

_____

**MOTION FOR MODIFICATION OF
TERM OF IMPRISONMENT (18 U.S.C. § 3582(c)(1)(A))**

COMES NOW DEFENDANT/MOVANT JAMES TYSON, JR., through undersigned counsel, and respectfully moves this Honorable Court, pursuant to Title 18, United States Code § 3582(c)(1)(A) and United States Sentencing Guideline ("USSG") § 1B1.13(b)(5), for compassionate release based on other reasons, including the reality that his extreme sentence constitutes a gross disparity when compared with his co-defendants and with the average sentences imposed on similarly situated defendants today. In support, Mr. Tyson avers:

1. On July 26, 2012, a grand jury returned an indictment charging Mr. Tyson in connection with an alleged racketeering enterprise. The indictment charged Mr. Tyson with conspiracy to conduct the affairs of an enterprise through a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(d); securities fraud, in violation of 15 U.S.C. §§ 78j(b) and

78ff; bank fraud, in violation of 18 U.S.C. § 1344; wire fraud, in violation of 18 U.S.C. § 1343; conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h); and conspiracy to commit bank bribery, in violation of 18 U.S.C. § 371. The RICO conspiracy charge included alleged predicate acts of securities fraud, bank fraud, wire fraud, money laundering conspiracy, and conspiracy to distribute marijuana.

2. The indictment remained under seal until Mr. Tyson was arrested at Dulles International Airport while returning to the United States from Senegal. He made an initial appearance in the Eastern District of Virginia and was subsequently transported to the Western District of North Carolina for arraignment and a detention hearing. On November 27, 2012, United States Magistrate Judge David S. Cayer ordered Mr. Tyson detained pending trial.

3. On April 18, 2013, the grand jury returned an 84-page Superseding Bill of Indictment reasserting the same six charges. On December 2, 2013, Mr. Tyson pleaded guilty to all six counts in the Superseding Indictment without the benefit of a plea agreement.

4. The final Presentence Investigation Report ("PSR"), filed March 31, 2015, calculated a total offense level of 42, including enhancements related to loss amount, number of victims, sophisticated means, financial institutions, money laundering, vulnerable victims, role in the offense, and obstruction of justice. After a three-level

2

reduction for acceptance of responsibility, the PSR calculated a total offense level of 43, producing an advisory guideline range of life imprisonment.

5. At sentencing on May 26, 2015, the United States elected not to present evidence in support of the obstruction-of-justice enhancement, and the Court sustained Mr. Tyson's objection to the vulnerable-victim enhancement. These rulings resulted in a total offense level of 40 and an advisory guideline range of 292 to 365 months' imprisonment. The Court imposed a sentence of 360 months' imprisonment.

6. Mr. Tyson was transferred to FCI Williamsburg on August 14, 2015. He is currently housed at Yazoo City Low FCI and has a projected release date of May 15, 2037.

7. On June 4, 2020, Mr. Tyson filed a *pro se* motion for compassionate release. On June 9, 2020, the Court ordered the United States to respond within sixty days, by August 10, 2020. After the United States filed its response in opposition and Mr. Tyson replied, this Honorable Court denied the motion for compassionate release in a docket text entry. That entry read simply: "For the reasons stated in the Government's Response, the Court hereby DENIES 1330 Motion for Compassionate Release/Reduction of Sentence as to James Tyson Jr. (14). Entered by Senior Judge Graham Mullen on 9/2/2020.**"**

8. In April of 2023, the Sentencing Commission proposed an amendment to §1B1.13, to, among other things, address the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239, which amended 18 U.S.C. § 3582(c)(1)(A) to authorize

3

courts to grant a motion for a sentence reduction upon a defendant's own motion. Previously, a court was authorized to do so only upon the motion of the Director of the Bureau of Prisons ("BOP"). Congress amended the law for the express purpose, set forth on the face of the enactment, of "increasing the use" of sentence reduction motions under section 3582(c)(1)(A). *First Step Act § 603(b).*

9. As relevant to Mr. Tyson's instant motion for sentence modification, the amendment expands the list of specified extraordinary and compelling reasons and retains the "other reasons" basis for a sentence reduction to better account for and reflect the plain language of section 3582(c)(1)(A), its legislative history, and decisions by courts made in the absence of a binding policy statement. Apart from the specified extraordinary and compelling reasons, the amendment explicitly retains the "Other Reasons" catchall ground in Application Note 1(D). It also makes clear that extraordinary and compelling reasons exist if the defendant presents any other circumstance or combination of circumstances that, considered by themselves or together with any of the reasons specified in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

10. The Commission considered but specifically rejected a requirement that "other reasons" be similar in nature and consequence to the specified reasons. Rather, they need be similar only in gravity, a requirement that inheres in the statutory requirement that they present extraordinary and compelling reasons for a sentence reduction. See 18 U.S.C. §

4

3582(c)(1)(A).

11. One of the expressed purposes of section 3582(c)(1)(A) when it was enacted in 1984 was to provide a narrow avenue for judicial relief from unusually long sentences. S. REP. NO. 98–225 (1983). Having abolished parole in the interest of certainty in sentencing, Congress recognized the need for such judicial authority. In effect, it replaced opaque Parole Commission review of every federal sentence with a transparent, judicial authority to consider reducing only a narrow subset of sentences—those presenting "extraordinary and compelling" reasons for a reduction.

12. The Commission recognized that during the period between the enactment of the First Step Act in 2018 and the drafting of Amendment 814, district courts around the country based sentence reductions on dozens of reasons and combinations of reasons. Based on a careful review of those cases, the Commission stated that it continues to believe what is stated in Application Note 4 to the prior policy statement, i.e., that judges are "in a unique position to determine whether the circumstances warrant a reduction." Guidance beyond that provided in the amended policy statement regarding what circumstances or combination of circumstances are sufficiently extraordinary and compelling to warrant a reduction in sentence is best provided by reviewing courts, rather than through an effort by the Commission to predict and specify in advance all of the grounds on which relief may be appropriate.

5

13. Mr. Tyson is currently serving an extremely harsh sentence of 360-months' imprisonment and meets all the relevant criteria for reduction of that sentence under 18 U.S.C. §3582(c)(1)(A). The relevant § 3553(a) factors and Mr. Tyson's individualized circumstances support compassionate release, pursuant to 18 U.S.C. §3582(c)(1)(A).

14. The record demonstrates that Mr. Tyson's earlier release would pose no danger to any person, the community, or that he would engage in future criminal activity, and is therefore consistent with the Sentencing Commission's policy statement.[1]

---

[1] *U.S.S.G §1B1.13(2)&(3).*

6

## **CONCLUSION**

Mr. Tyson respectfully moves this Honorable Court to reduce his term of imprisonment to time served – Mr. Tyson has been in custody in connection with this case since at least November of 2012, meaning he has served more than 13 years, not counting all the good time he has earned over the years – a sentence sufficient but not greater than necessary to comply with the purposes of §3553(a).

Respectfully submitted this 9th day of April, 2026.

*D. Craig Hughes*

D. Craig Hughes
Counsel to James Tyson, Jr.
Texas State Bar No. 10211025
S.D. Texas Bar No. 10874
7324 Southwest Freeway-Suite 1466
Houston, Texas 77074
713-535-0683 - Direct
713-510-1856 - Fax
dcraighughes@msn.com (email)

7

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 9th day of April, 2026, I electronically filed the foregoing

with the Clerk of the Court by using the CM/ECF system which I understand will send a

notice of electronic filing to all parties of record.

<u>*D. Craig Hughes*</u>
D. Craig Hughes